# CHARLESTON

### STATE v. MOORE, *et al.*

Submitted February 7, 1905. Decided February 14, 1905.

1. CRIMINAL LAW—*Felony—Presence of Prisoner During Trial.*
   Where a person is convicted of a felony, it must affirmatively appear from the record that the prisoner was present in court and entered his plea, in person, to the indictment against him; and it is reversible error if the record fails to show this. (p. 147.)

2. CRIMINAL LAW —*Jury Trial—Record Must Show Jury Were Sworn.*
   There can be no legal conviction of a person for a felony unless the record shows that the jury which tried the case were duly sworn according to law. (p 148.)

Error to Circuit Court, Lewis County.

Oley Moore and others were convicted of murder and bring error.

*Reversed.*

EDWARD A. BRANNON, E. H. MORTON, W. T. TALBOTT and W. B. McGARY, for plaintiffs in error.

ROMEO H. FREER, Attorney General, E- K. REEDY and J. M. HOOVER, for defendant in error.

SANDERS, JUDGE:

This is a writ of error to the judgment of the circuit court of Lewis county, sentencing the defendants to the penitentiary of this State.

The prisoners were indicted for the murder of Benjamin H. Edgar, and on the 29th day of May, 1904, were jointly tried, and Oley Moore and Hanson Moore were found guilty of

murder in the first degree, with recommendation that they be punished by confinement in the penitentiary; Robert Moore was found guilty of murder in the second degree. The defendants moved the court to set aside the verdict of the jury and to grant them a new trial, which motion was overruled, and the defendants were sentenced to confinement in the penitentiary of this State.

The defendants make several assignments of error, one of which is that the plea of "not guilty" was entered by their attorneys and not by them in person. The order making up the issue in the case, shows: · "This day came the state by the prosecuting attorney and the defendants in their proper persons and by attorneys, and the defendants, by attorneys, demurred to said indictment, and the said demurrer being considered by the court, is overruled, and the defendants, by their attorneys, for plea says that they are not guilty in manner," etc.

Before a person can be legally convicted of a felony, it is necessary that he be present in court, and plead to the indictment against him *in person*, and the record must affirmatively show this. And where the record shows that the plea was entered by attorney, and not by the prisoner in person, it is error, for which this Court will reverse the judgment. The record in this case clearly shows that the plea was entered by the attorneys for the defendants. But it is argued by the attorneys for the State that inasmuch as the prisoners were present in court at the time their pleas were entered, and that all that was done was done by their attorneys, in their presence, that this satisfies the law which requires that their pleas shall be entered by them in person, and that while it is, literally speaking, a plea by their attorneys, yet, within the spirit and true meaning of the law, it should be regarded as being done by them in person, because what was done by their attorneys in their presence and at their direction, is, in law, the doing of that particular act in person. This argument is not without reason, and comes with considerable force, but is made in the face of numerous decisions of this State and Virginia, holding that the record must show the presence of the prisoner, and that he plead in person.

This question has been before the Court so often, and has been so clearly decided and the rule so firmly settled, that it

is a waste of time to discuss it further. *Sperry* v. *Common-
wealth*, 9 Leigh 623; *Younger's Case*, 2 W. Va. 579; *State* v.
*Conkle*, 16 W. Va. 736; *State* v. *Sutphin*, 22 W. Va. 771;
*State* v. *Allen*, 45 W. Va. 65; 2 Ency. Pl. & Pr. 792; 12
Cyc. 373.

It is also assigned as error that the record fails to show
that the jury which tried the defendants were sworn. Upon
an examination, we find in the order impaneling the jury, and
after giving their names, this language: " *Who were elected
according to law* to well and truly try and true deliverance
make between the State of West Virginia," etc. The order
shows an attempt to swear the jury, and, in all probability.
they were properly sworn, but, through the inadvertence of
the clerk, the record fails to so show. The absolutely essen-
tial word, *sworn*, was omitted, and the omission of which is,
of course, fatal to the verdict. We must take the proceed-
ings of the trial as they appear on the face of the record, and
be guided absolutely thereby, and if it discloses error,
we must reverse the judgment, It is hardly necessary to cite
authorities to show that a person cannot be legally convicted
unless the record shows that the jury which tried the case
were sworn according to law. It is not necessary that the oath
should be copied into the order, but the record must affirma-
tively show somewhere and in some way that the jury were
sworn in the manner prescribed by law before there can be a
legal conviction. It will not suffice to say that the jury were
*elected* according to law—it must show that the jury were
sworn according to law. Code, chapter 129, section 6; 12
Ency. Pl. & Pr. 515, 521; *Younger's Case*, 2 W. Va. 579;
*Lawrence* v. *Commonwealth*, 30 Grat. 845; *State* v. *Ice*, 34
W. Va. 244; *State* v. *Kellison*, 56 W. Va. 690; 12 Cyc., 712.

For the foregoing reasons, the judgment of the circuit
court, sentencing the prisoners to the penitentiary, is re-
versed, the verdict of the jury set aside, and a new trial
awarded to each of the defendants.

*Reversed.*

BRANNON, PRESIDENT, (*concurring*):

I concur; but I am not clear that the plea is to be regarded
as made by the attorney. When arraignment was a neces-
sary part of trial, the prisoner was asked for his answer to

the indictment after its reading, and he must make plea with . his own lips; but the arraignment having ·been abolished by the Code, I do not see why a plea in his presence, though by the mouth of his attorney, is not his plea. The Code puts the plea in for him, though he utter not a word. But the want of the oath to the jury inevitably calls for a new trial. It does not appear that these defects in the proceedings were mentioned in the circuit court or passed on by it.