[Cr. A. No. 658. Appellate Department, Superior Court, Los Angeles County.—June 20, 1931.]

THE PEOPLE, Respondent, v. DON R. PELTON, Appellant.

(2 Cal. Supp. 4.)

Charles L. Farr and Robert L. Williams for Appellant.

Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

YANKWICH, J., *pro tem.*—After a jury had been impaneled and sworn to try the defendant upon a complaint charging him with petty theft of property of the value of $200, the complaint was dismissed at the request of the prosecuting attorney. Thereupon, the defendant stipulated that the jury might try him upon a new complaint, which was then prepared, sworn to and filed, and upon which he was finally convicted. The defendant was arraigned upon the new complaint and entered a plea of not guilty thereto. The jury was never impaneled or sworn in the new case; nor was there a waiver of such impaneling or swearing. The failure to do so was not called to the trial court's attention, nor did the defendant make any objection at the trial on that account. The point is now urged on appeal, and the question presented is whether the conviction can be upheld. We cannot treat the case as though there had been merely an amendment to the old complaint, because the record, which we have just summarized, shows clearly that not only did everyone treat the case as a new one, but also that all the preliminaries requisite to a new case were complied with. The old complaint was dismissed, and a new one filed designating specific property not designated in the other, and of less value, on which the defendant was arraigned, and to which he pleaded. All the requirements of a *new* and *distinct* proceeding were complied with, except the requirement as to the swearing of the jury. (See *People* v. *Grunhof*, 115 Cal. App. (Supp.) 771 [1 Cal. Supp. 136, 299 Pac. 519].)

The jury must be impaneled and sworn to try a criminal case. (Pen. Code, secs. 1093, 1437.) While we

have been unable to find any California cases dealing with the effect of failure to swear a jury, the law elsewhere is that while mere irregularities in the swearing or in the form of oath may be waived by failing to object until after a verdict, an entire failure to swear the jury cannot be waived in any manner or under any circumstances. A conviction by an unsworn jury is a nullity. (35 Corpus Juris, 422; *State* v. *Moore,* 57 W. Va. 146 [49 S. E. 1015]; *State* v. *Mitchell,* 199 Mo. 105 [8 Ann. Cas. 749, 97 S. W. 561]; *Howard* v. *State,* 80 Tex. Cr. Rep. 588 [192 S. W. 770], and see note to the case last cited in L. R. A. 1917D, at page 399 et seq., where many additional authorities are listed.) It is to be noted that these cases go to the extent of holding that the *mere failure of the record to show* that the jury was sworn makes the verdict a nullity justifying a reversal. Under the circumstances, we cannot avoid the force of these rulings, so far as they apply to the instant case. The defendant was tried by a jury which never was impaneled or sworn to try him on the complaint upon which he stands convicted. His agreement that he be tried by the same jury was not a waiver of the requirement that the jury be sworn to try the cause. The cases upon which the prosecution relies to sustain the conviction are clearly distinguishable. They deal with mere irregularities which may be waived by failure to object. Thus, in *People* v. *Nakis,* 184 Cal. 105 [193 Pac. 92], there was irregularity in summoning the jury and in placing the jury in charge of a deputy sheriff, where the sheriff was disqualified. In *People* v. *Hamilton,* 49 Cal. App. 30 [192 Pac. 467], and in *People* v. *Stennett,* 51 Cal. App. 370 [197 Pac. 372], there was similar irregularity in placing the jury in charge of a deputy, where the sheriff was disqualified. It can be seen readily why the court considered these irregularities waived. The requirements omitted were not fundamental. But when we consider the requirement to swear a jury to try a cause, we are dealing with a fundamental, in the absence of which, there is, in fact, no legal jury.

That there is a well-defined distinction between those incidences relating to the manner of selecting a jury which may be waived by failure to object and the requirements which have the effect of depriving the defendant of the

right to a jury trial, by depriving him of a legally constituted jury, is also evidenced by the strictness with which our courts have surrounded the right of waiver, even going to the extent of holding that a constitutional waiver could not be effected by the accused's counsel alone. (See *People* v. *Garcia,* 98 Cal. App. 702 [277 Pac. 747].)

The judgment is reversed and a new trial is ordered in the superior court.

McLucas, P. J., concurred.