STATE OF WEST VIRGINIA

*v.*

MARTHA ANN MCGEE

(No. 13606)

Decided December 21, 1976.

*Catsonis & Linkous, Leo Catsonis and Thomas L. Linkous* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *E. Leslie Hoffman, III,* Assistant Attorney General, for defendant in error.

WILSON, JUSTICE:

Although appellant Martha Ann McGee (defendant below) urges numerous errors in support of her contention that we should reverse her conviction by a jury in the Circuit Court of Mineral County, on June 21, 1974, of the crime of delivery of marijuana, we reverse and award a new trial solely on the ground that the trial court, over her objection, permitted the State to cross-examine her regarding possible previous offenses which may or may not have been committed by her.

The skeletal facts giving rise to the charge of delivery of marijuana are found in the testimony of Mike Kuykendall, an undercover agent. He testified that on August 22, 1973, he purchased from defendant several grams of marijuana and that the defendant made the delivery to him and received payment from him while he, the defendant and other persons were riding around in his car.

The defendant took the stand in her own behalf. She and other witnesses presented by her say that someone other than defendant tossed the marijuana from the back to the front of the car and that money was passed to the back seat of the car. Neither defendant nor any of her witnesses identified the person who tossed the marijuana from the back seat to the front seat or the person who passed the money back or the person who received it.

There is much confusion in the evidence regarding how many people were in the car, who they were, where they were sitting and what transpired. Neither the defendant nor the State made any vigorous effort to dispel the vagueness which characterized the testimony of all the witnesses.

After the trial, however, defendant made a motion, supported by three affidavits, for a new trial based on newly discovered evidence, and one of the errors assigned on this appeal is the failure of the trial court to grant that motion. Two of the affidavits were submitted

by persons who had testified in behalf of the defendant at the trial. The third affidavit is of no consequence. One of the affiants who had been a defense witness at trial would apparently now testify that the sale and delivery of the marijuana at the time in question was made to Kuykendall by a person named James (Buckeye) Lampson. The other affiant who appeared as a defense witness at the trial would apparently now testify that Lampson told her that he was the one who sold the marijuana to Kuykendall and begged her not to incriminate him with testimony to that effect.

The significance of these affidavits is emphasized by the fact that James (Buckeye) Lampson was also a witness presented by the defendant at the trial and refused to answer a question regarding how the marijuana got into the front seat of the car on the ground that his answer might tend to incriminate him.

On this appeal, no effort is made on behalf of the defendant to explain why defendant failed to elicit this information from affiants when they testified at trial. We are gravely disturbed by this circumstance. Perhaps it will suffice for us to sound an admonitory note reminding all concerned that only candor and full disclosure ultimately serve the ends of justice.

This Court has carefully and fully enunciated the requirements which must be met before a new trial will be granted on the ground of new discovered evidence, as follows:

> "... (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that ... [the movant] was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence

must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side."[1]

The appellant here has failed to demonstrate that the material matters referred to in the affidavits were discovered after the trial. Furthermore, there is a failure to show that these matters could not have been discovered by due diligence before trial. Indeed, there is a strong suggestion that either the matters were in fact known before trial and not presented, or there was a total absence of diligence in ascertaining them.

Under these circumstances, we are compelled to conclude that there was no error in the refusal of the trial court to grant a new trial based on a claim of newly discovered evidence.

There are other assignments of error which are without merit, but since they have been fairly raised, briefed and argued, we are required to dispose of them and will do so before addressing ourselves to the error justifying reversal.

The defendant asserts on this appeal that the record fails to show that she entered her plea of not guilty in person. It is true that it is reversible error if the record fails to show in a felony case that the prisoner was present in person in court and entered his plea in person. *See State v. Moore*, 57 W. Va. 146, 49 S.E. 1015 (1905). However, that requirement is clearly satisfied in this case. The record of May 17, 1974, shows the following: the defendant was in court in person and by one of her attorneys; she announced that she was ready to plead to the indictment; the indictment was read to her in open court; "the defendant, for her plea thereto, says that she is *not guilty*"; and the defendant in person endorsed on

---

[1] Syllabus No. 10, *State v. Hamric*, 151 W. Va. 1, 151 S.E.2d 252 (1966); Syllabus No. 2, *State v. Spradley*, 140 W. Va. 314, 84 S.E.2d 156 (1954); and Syllabus No. 1, *Halstead v. Horton*, 38 W. Va. 727, 18 S.E. 953 (1894).

said order, "I agree" and signed her name "Martha McGee." The transcript of the proceedings of May 17, 1974, clearly indicates that when the order of that day was presented to the court, the court not only noted the presence of the defendant but required her to read the order and indicate here agreement to it by her signature.

In this case, there is more than a presumption of the regularity of the court proceedings. *See Smith v. Boles,* 150 W. Va. 1, 146 S.E.2d 585 (1965). The court's order and the transcript of the proceedings clearly show the fact of regularity. The court performed its duty in every respect required by law.

On this appeal, the defendant carefully selects language which avoids asserting that she did not enter her plea in person. The record demonstrates that she did enter her plea in person and we accordingly find no error.

The defendant next assigns as error the fact that the court gave to the jury forms of verdict which permitted the jury only to find the defendant either guilty as charged or not guilty. The defendant contends that possession of marijuana is a lesser included offense under a charge of delivery of marijuana and should have been included in the forms of verdict which the jury might return.

We need not discuss the question of whether possession of marijuana is a lesser included offense under a charge of the felonious delivery of marijuana. The record in this case clearly demonstrates that the court was of the opinion that possession was indeed a lesser included offense and specifically called to the attention of the attorney for the defendant that a lesser included offense was not embraced in the proposed forms of verdict submitted by the prosecution. The attorney for the defendant rejected the court's apparent willingness to modify the forms of verdict to include one which would have permitted the jury to make a finding with reference to the lesser included offense of possession.

We cannot permit the defendant now to take advantage of the error, if any, which was knowingly invited by her attorney. *See State v. Bosley*, W. Va. ____, 218 S.E.2d 894 (1975); and *State v. Riley*, 151 W. Va. 364, 151 S.E.2d 308 (1966).

The defendant also assigns as error the court's unsolicited interruption of defense counsel during final argument for the purpose of correcting him. Defense counsel was arguing to the jury that the prosecuting witness Kuykendall had testified that he paid defendant with "two $20.00 bills." The trial judge corrected defense counsel and asserted that Kuykendall had said "two $10.00 bills." The transcript of Kuykendall's testimony shows that defense counsel was right and the trial judge was wrong.

We do not approve of the trial court's interruption of defense counsel's final argument in this case. The trial judge in a criminal trial must consistently be aware that he occupies a unique position in the minds of the jurors and is capable, because of his position, of unduly influencing jurors in the discharge of their duty as triers of the facts. This Court has consistently required trial judges not to intimate an opinion on any fact in issue in any manner. In criminal cases, we have frequently held that conduct of the trial judge which indicates his opinion on any material matter will result in a guilty verdict being set aside and a new trial awarded. *See, State v. Pietranton*, 137 W. Va. 477, 72 S.E.2d 617 (1952); *State v. Summers*, 118 W. Va. 118, 188 S.E. 873 (1936); *State v. Shelton*, 116 W. Va. 75, 178 S.E. 633 (1935); *State v. Austin*, 93 W. Va. 704, 117 S.E. 607 (1923); *State v. Staley*, 45 W. Va. 792, 32 S.E. 198 (1899); and *State v. Hurst*, 11 W. Va. 54 (1877).

We do not minimize the impropriety of the court's interruption of defense counsel in this case. However, in view of Kuykendall's testimony that he had assumed that the price of the marijuana would be somewhere between $15.00 and $20.00, there was some basis for the court's spontaneous utterance. Defense counsel regis-

tered no objection and asked for no curative instruction or comment from the court. It is accordingly impossible for us to conclude that there was prejudicial error.

The defendant claims that the trial court erred in refusing to direct a verdict of acquittal on the ground that marijuana was not a controlled substance at the time that the alleged delivery took place. The argument of the petitioner is that on March 20, 1973, the West Virginia Board of Pharmacy supplied a list of controlled substances to the Secretary of State of West Virginia in accordance with the statute then in effect and did not include therein Schedule I or any of the controlled substances contained therein of which marijuana was one. The appellant argues that this condition continued without change until September 18, 1973, when an additional list was sent by the Board of Pharmacy to the Secretary of State including all of the Schedule I controlled substances. Consequently, appellant argues that her alleged offense in August, 1973, occurred during the period when marijuana was not one of the controlled substances and that, therefore, she could not be found guilty of the criminal offense with which she was charged.

Defendant was indicted under the Uniform Controlled Substances Act as enacted in 1971, W. Va. Code, 60A-1-101, *et. seq.* Section 204(d) (10) thereof specifically listed marijuana as a controlled substance included in Schedule I. On March 28, 1973, the Board of Pharmacy submitted to the Secretary of State the latest list of controlled substances as submitted by the Bureau of Narcotics and Dangerous Drugs. The cover sheet of Schedules submitted therewith did not purport to include any reference to Schedule I. The defendant does not show that the Board of Pharmacy made any determination employing the criteria set out in W. Va. Code, *60A-2-201 (a), and following the procedures set out in the State Administrative Procedures Act,* W. Va. Code, 29A-1-1, *et seq.* Appellant presents us with no basis upon which to sustain her contention that marijuana was not a controlled substance at the time of the alleged offense. Our own

analysis of the statute and the submissions made by the Board of Pharmacy to the Secretary of State clearly indicate that Schedule I as enacted by statute was in effect at the time of the offense and listed marijuana as a controlled substance. Further, although the appellant relies on *State v. Grinstead*, W. Va., 206 S.E.2d 912 (1974), we fail to see that the holding in that case is relevant to any issue in the instant case.

Finally, we come to the assignment of error which we believe is meritorious and upon which we reverse the appellant's conviction and award her a new trial. This assignment is that the court permitted the State to cross-examine the defendant improperly with reference to previous offenses.

At the trial, during the presentation of the State's case in chief, one of the witnesses on behalf of the State was Trooper R. R. Shifflett, a member of the West Virginia Department of Public Safety. On cross-examination, the defendant established that Shifflett had previously endeavored to get the defendant to act as an informer, that she indicated that she would like to help but that she "just didn't have the stomach for that kind of work." When the defendant took the stand, she confirmed that she had been approached to be an informer but had refused because she wasn't cut out to do that sort of thing. The transcript shows that the State undertook to cross-examine the defendant over her objection, with reference to convictions of other offenses.

The theory of both the prosecution and the court was that the prosecution had a right to question the defendant regarding previous offenses because she had placed her character in issue.

The record demonstrates that the only other purpose for which defendant was cross-examined regarding previous convictions was to test her credibility as a witness. *See*, Syllabus No. 3, *State v. Ramey*, ____ W. Va. ____, 212 S.E.2d 737 (1975).

The trial court is required to consider the probative value of such a line of questioning measured against the risk of substantial danger of undue prejudice to the accused. *See* Syllabus No. 11, *State v. Ramey, supra,* and Syllabi Nos. 15 and 16, *State v. Thomas,* W. Va., 203 S.E.2d 445 (1974).

We have long permitted the State to cross-examine a defendant who takes the stand in his own behalf with reference to convictions of other crimes. We have done this under the theory that the State should not be denied the right to test the credibility of the defendant. We are not unaware of the contention that such a rationale is pure sophistry and that the State, under the guise of testing credibility, relies upon the hope that the jury, in spite of being instructed by the court as to the purpose for which the evidence is admissible, will nonetheless consider the revelation of other convictions as indicating guilt in the base being tried.

It is proper to test the credibility of any witness. We cannot well deny this right to the State when the defendant becomes a witness in his own behalf. However, we can and do insist upon a rigid adherence to the limitations which are placed upon this kind of questioning. *See State v. Ramey, supra*; and *State v. Thomas, supra.* Furthermore, the court is required carefully to discharge its duty to caution the jury in firm and unmistakable language as to the only purpose for which the jury is entitled to consider such evidence.

We find that the court's failure to apply such standards in this case is clear and prejudicial error.

For the reasons hereinabove discussed, we reverse the conviction of the defendant and award her a new trial.

*Reversed, remanded, new trial granted.*