STATE OF WEST VIRGINIA

*v.*

ONDVAL LEE STARCHER, II

(No. 14294)

Decided October 13, 1981.

*Lewis, Ciccarello, Masinter & Friedberg, Arthur T. Ciccarello and Susan J. Becker*, for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *Karen Green Watson*, Assistant Attorney General, for defendant in error.

PER CURIAM:

This is an appeal by Ondval Lee Starcher, II, from an order of the Circuit Court of Roane County sentencing him to from one to fifteen years in the state penitentiary for possession of a controlled substance with intent to deliver. Among other points, the appellant contends that the trial court erred in allowing the prosecutor to make prejudicial remarks about his failure to testify in his own behalf. We agree, and we reverse the judgment of the circuit court.

The principal witness for the State in this case was a man named David Walker who, under a grant of immunity, testified that the appellant had delivered to him a bag of

drugs. The appellant did not choose to rebut Walker's testimony and did not call witnesses or testify in his behalf.

During closing remarks, the prosecuting attorney argued:

"[Defense] counsel made comment additionally about the State hasn't proved the reason that the defendant transferred these pills to Walker. He [the defendant] is the only man that knows. He [Walker] did tell his story because he felt true facts would help him as nobody denies that, but what was in the mind of this man [the defendant] at the time the transfer was made? Only he [the defendant] knows."

On appeal, we are asked to determine whether these remarks constituted a prejudicial reference to the appellant's failure to testify.

In a criminal trail the State should studiously avoid even the slightest hint as to the defendant's failure to testify. *See, State v. Lindsey,* 160 W.Va. 284, 233 S.E.2d 734 (1977); *State v. Boyd,* 160 W.Va. 234, 233 S.E.2d 710 (1977); *Doyle v. Ohio,* 426 U.S.610, 96 S.Ct. 2240, 49 L.Ed. 2d 91 (1976). And we have held:

"It is prejudicial error in a criminal case for the prosecutor to make statements in final argument amounting to a comment on the failure of the defendant to testify." Syllabus point 1, *State v. Nuckolls,* ___ W.Va. ___, 273 S.E.2d 87 (1980), citing syllabus point 3, *State v. Noe,* 160 W.Va. 10, 230 S.E.2d 826 (1976).

In the *Nuckolls* case, we found that the remark, "I want to know what was in Lucille Nuckolls' mind when she killed her husband . . .," coupled with the inference that she had sat catatonically in the courtroom during her trial, constituted an oblique comment on her failure to take the stand and testify in her own behalf. We reversed the defendant's conviction principally because the court allowed that remark.

The thrust of the prosecutor's remarks in the case before us was identical to the thrust of the

remarks in *Nuckolls*. By directing attention to what was in the appellant's mind, the prosecutor stealthily emphasized that he had not testified and had not revealed his thoughts. We believe that the remarks constituted a subtle, prejudicial comment on the appellant's failure to testify and that syllabus point 1 of *State v. Nuckolls, supra,* requires that the conviction be reversed and that the appellant be granted a new trial because of them.

We note that the appellant makes other assignments of error including the assertion that the trial judge improperly intervened on behalf of the State and clarified or strengthened the testimony of the State's witnesses by his own examination of them. While we do not deem it necessary to discuss the additional assignments of error in depth, we note that we have recognized that it is improper for the trial court to invade the province of the jury by examining witnesses extensively and by engaging in the rehabilitation of them. *See, State v. Crockett,* ___ W.Va. ___, 265 S.E.2d 268 (1979).

Because the court erroneously allowed the prosecutor to comment on the appellant's failure to testify, the judgment of the Circuit Court of Roane County is reversed, and this case is remanded for a new trial.

*Reversed and remanded.*