304 S.E.2d 35

**STATE of West Virginia**

v.

**Allen C. BENNETT.**

No. 15102.

Supreme Court of Appeals of
West Virginia.

May 24, 1983.

Askin and Burke and Steven M. Askin, Martinsburg, for appellant.

Chauncey H. Browning, Jr., Atty. Gen. and S. Clark Woodroe, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

Allen C. Bennett appeals his conviction by a jury in the Circuit Court of Jefferson County of delivery of a controlled substance, for which he was sentenced to one to three years in the penitentiary. He presents seventeen grounds for reversal, many of which are duplicative of ones raised in a related appeal,* and will not be dealt with herein. In his second trial, however, we find three major errors to appellant's prejudice, and reverse the judgment of the trial court.

Appellant was charged with selling four capsules of ethchlorvynol, a Schedule IV controlled substance commonly known as "placidyl," to an undercover State policeman. On March 2, 1979, appellant was convicted of delivery of marijuana to this same officer on June 25, 1977. His trial on the ethchlorvynol charge was held on March 28, 1979, nearly four weeks later.

During individual *voir dire* by the court, two prospective jurors revealed that they were aware of appellant's recent conviction on some other charge, and one thought he had smuggled drugs into the jail. In addition, two of the three indicated strong prejudice against drug use and drug offenders. Appellant's challenges for cause to these jurors were overruled by the court, and they were removed by the use of peremptory strikes.

We have long recognized the prejudicial effect that knowledge of prior convictions may have on a jury. *See, e.g., State v. Kennedy,* 162 W.Va. 244, 249 S.E.2d 188 (1978); *State v. McAboy,* 160 W.Va. 497, 236 S.E.2d 431 (1977). However, we find no abuse of discretion in the court's refusal to excuse prospective jurors John Allen and Joseph Groves, merely because they were aware that appellant had been convicted of some other crime. The record shows that neither of them knew what the other charge was, and each stated that this knowledge would not affect his judgment in any way.

We are troubled, however, by the admissions of prejudice made by jurors John Allen and Faye Davenport. Allen recalled reading that appellant was convicted recently on some prior offense, and was now charged with delivering a controlled substance to a police officer. He stated that

* *See State v. Bennett,* 172 W.Va. 123, 304 S.E.2d 28 (1983) for a discussion of his claims of prejudicial pre-indictment delay; refusal to disclose the name of a confidential informant; improper in-court identification; refusal to disclose grand jury testimony of a State's witness; and an excessive minimum sentence recommendation. We found no reversible error in these contentions, and affirmed his conviction for delivery of marijuana.

he was "very prejudiced against drug use," and thought that a person proved guilty of delivering controlled substances "ought to be hung."

Davenport's responses showed that she had read a lot about appellant's criminal history, was strongly opposed to drugs, and had been told that appellant was bad as a child. When asked whether she could disregard this information and base her verdict solely on the evidence at trial, she answered, "I think so." Despite the court's repeated efforts to obtain a more definite response from her, Davenport's answers remained equivocal. Further, when asked whether she had an opinion as to appellant's guilt or innocence in this case, Davenport replied, "where there's smoke, there's fire."

█ It is well settled that a felony defendant is entitled to a panel of 20 jurors, free from exception, before being called upon to exercise his right of peremptory challenge. *See, e.g., State v. Beck,* 167 W.Va. 830, 286 S.E.2d 234 (1982); *State v. Gargiliana,* 138 W.Va. 376, 76 S.E.2d 265 (1953). In syllabus point 2 of *Gargiliana, supra,* we said:

" 'In order that one who has formed or expressed an opinion as to the guilt or innocence of the accused may be accepted as a competent juror on such panel, his mind must be in condition to enable him to say on his *voir dire* unequivocally and without hesitation that such opinion will not affect his judgment in arriving at a just verdict from the evidence alone submitted to the jury on the trial of the case.' Point 3, Syllabus, *State v. Johnson,* 49 W.Va. 684 [39 S.E. 665]."

Further, in syllabus point 3 of *Beck, supra,* this Court reaffirmed that:

" 'The true test as to whether a juror is qualified to serve on the panel is whether without bias or prejudice he can render a verdict solely on the evidence under the instructions of the court.' Syllabus point 1, *State v. Kilpatrick,* 158 W.Va. 289, 210 S.E.2d 480 (1974)."

█ In the case before us, we think it is quite likely that juror Allen was so biased against persons in appellant's position that he should have been excused for cause. We find that Davenport was clearly of the opinion that appellant was probably guilty, before hearing any evidence in the case. She could not unequivocally state that she would base her verdict solely on the evidence at trial, and should therefore have been excused. In refusing to strike her from the panel, the trial court abused its discretion and committed reversible error.

Sgt. Robert S. White, the State's chemist, testified that in identifying the substance taken from appellant, he first looked at photographs in the *Physician's Desk Reference* (PDR) to give him some idea what the capsules were. White then performed an analysis which identified the substance as ethchlorvynol. Following extensive cross-examination by the defense on procedures used to identify the substance, the trial judge asked Sgt. White if the capsules taken from appellant matched the photograph of placidyl in the PDR. White responded in the affirmative. Over defense objections, the judge then handed White the book, and instructed him to hold it up and show the picture of a placidyl to the jury. The capsules had already been introduced into evidence.

█ This Court has consistently held that it is highly improper for a trial judge to comment upon the weight of evidence or the credibility of witnesses, or to indicate in any manner that he is a partisan for either side. *See, e.g., State v. Crockett,* 164 W.Va. 435, 265 S.E.2d 268 (1979); *State v. Loveless,* 140 W.Va. 875, 87 S.E.2d 273 (1955). An intimation of his opinion on a material fact in issue will constitute reversible error. *State v. McGee,* 160 W.Va. 1, 230 S.E.2d 832, 835 (1976). In syllabus point 4 of *State v. Burton,* 163 W.Va. 40, 254 S.E.2d 129 (1979), we held:

"A trial judge in a criminal case has a right to control the orderly process of a trial and may intervene into the trial process for such purpose, so long as such intervention does not operate to prejudice the defendant's case. With regard to evidence bearing on any material issue, including the credibility of witnesses, the

**134**

trial judge should not intimate any opinion, as these matters are within the exclusive province of the jury."

 We cannot agree with the State's contention that the judge's examination of White was a "harmless pursuit of clarity, prejudicing no one." There was nothing in White's testimony about his use of the PDR that needed clarification. The book was not offered into evidence, and indeed would not have been admissible to prove the identity of the substance inside the capsule. The judge's efforts served to rehabilitate a State's witness, and could have had no other effect than to indicate to the jury his opinion that the capsules were, indeed, what they appeared to be. His actions were improper, prejudicial to the appellant's case, and require reversal.

Finally, we conclude that the prosecuting attorney's closing argument was improper, inflammatory, and prejudicial. The appellant did not testify, nor did he present any evidence. However, despite a warning from the judge, the prosecutor repeatedly stated in his summation that the State's evidence was uncontradicted or had not been denied, that certain evidence had not been introduced, and that the only witnesses who testified said the defendant was guilty. In addition, the prosecutor repeatedly emphasized that the officer's testimony that appellant sold him the drugs had not been contradicted or denied. Appellant's objections to these statements were overruled by the judge. In doing so, he committed reversible error.

*W.Va.Code*, 57–3–6 [1923] provides that a defendant's failure to testify shall not be the subject of any comment before the court or jury by anyone. In syllabus point 3 of *State v. Noe*, 160 W.Va. 10, 230 S.E.2d 826 (1976), we held that "[i]t is prejudicial error in a criminal case for the prosecutor to make statements in final argument amounting to a comment on the failure of the defendant to testify." *See also State v. Starcher*, 168 W.Va. 144, 282 S.E.2d 877 (1981); *State v. Nuckolls*, 166 W.Va. 259, 273 S.E.2d 87 (1980).

This Court has permitted prosecutorial statements that did not specifically refer to the defendant's failure to testify. *See State v. Clark*, 170 W.Va. 224, 292 S.E.2d 643 (1982); *State v. McClure*, 163 W.Va. 33, 253 S.E.2d 555 (1979); *State v. Simon*, 132 W.Va. 322, 52 S.E.2d 725 (1949). However, those cases involved isolated remarks that certain evidence was uncontradicted, unlike the argument here which repeatedly emphasized the absence of refutation by the defense. Further, the prosecutor's statements that no one had denied that appellant sold the drugs amounted to an impermissible comment on the appellant's failure to testify, since appellant was the only one who could have denied it. *See Clark*, 170 W.Va. at 227, 292 S.E.2d at 646, 647.

For the foregoing reasons, the judgment of the Circuit Court of Jefferson County is reversed, and the case is remanded for a new trial.

Reversed and Remanded.