526 S.E.2d 521

**STATE of West Virginia, Plaintiff below, Appellee,**

v.

**John SHABAZZ, a/k/a John Randle, Defendant below, Appellant.**

**No. 26211.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 6, 1999.

Decided Dec. 9, 1999.

Darrell V. McGraw, Jr., Esq., Attorney General, William S. Steele, Esq., Managing Deputy Attorney General, Charleston, for Appellee.

Michael J. Sharley, Esq., Westover, West Virginia, Attorney for Appellant.

STARCHER, Chief Justice:

The appellant, John Shabazz ("Shabazz"), appeals the denial of his magistrate appeal by the Circuit Court of Marion County, following Shabazz's conviction of battery in the Marion County Magistrate Court. Shabazz contends that the circuit court erred in failing to grant him a new trial on his appeal from the magistrate court. Shabazz contended that he was prejudiced because the presiding magistrate had *ex parte* communications with the jury during the jury's deliberations.[1] Following our review of the record, we affirm the circuit court's order of February 26, 1999, denying Shabazz's magistrate appeal.

## I.

### Facts & Background

On January 31, 1997, Shabazz was arrested for a battery that occurred on January 28, 1997 in the Marion County Jail. The victim of the battery was a corrections officer, and the event occurred while Shabazz was incarcerated in the jail on other charges.

On December 11, 1997, Shabazz had a magistrate court jury trial on the charge of battery.[2] During the course of the trial the jail corrections officer who was the victim of the battery testified that Shabazz had asked

for a towel, but was informed that no towel was then available. The corrections officer testified that he told Shabazz to use a pillowcase for drying until a towel could be located. According to the corrections officer, Shabazz became belligerent and committed battery on the officer.

The testimony of Shabazz differed from that of the corrections officer. Shabazz testified that he calmly refused to use his pillowcase to dry himself and continued to ask the corrections officer for a towel. Shabazz stated that the corrections officer eventually shoved Shabazz into his cell, where both men fell on the floor. Shabazz stated that while he was on the floor he was maced until he was subdued. In support of Shabazz's statements, two fellow inmates testified that Shabazz had not raised his voice or acted belligerently toward the corrections officer.

After the magistrate court jury deliberated for approximately 2 ½ hours, Magistrate Melissa Pride, the presiding magistrate, entered the jury room and spoke to the jury out of the presence of the defendant and his counsel, and without their knowledge.

No record of the conversation between Magistrate Pride and the jury was made. The record before us does not indicate how or when the defendant became aware of the conversation between Magistrate Pride and the jury. The jury returned with a guilty verdict shortly after the communication with Magistrate Pride.

Following the verdict, the defendant filed a motion for a mistrial. The motion was heard by Magistrate Pride. At the hearing, Magistrate Pride explained that she had entered the jury room to inquire how the jury was getting along with its deliberations. Upon being told that the jurors were still deliberating, the magistrate stated that she informed the jurors that they could either stay as long

---

**1.** The defendant appeals the following additional issues: (1) that the magistrate court erred by not allowing the defendant to introduce a document indicating that jail inmates are to be provided towels; (2) that the magistrate erred by selecting a jury 1 month prior to trial; (3) the magistrate erred by confusing "overruled" with "sustained" and (4) that the circuit court judge erred by not recusing himself when he was biased toward the defendant. After examining the record and the

briefs submitted in this matter, we find no merit in these assignments of error and do not address them in this opinion.

**2.** According to the briefs, on the morning of the trial the State moved to modify the charge from Battery to Battery on an Officer. The State withdrew its motion following an objection by counsel for the defendant.

as they wanted, or they could go home and return the next day.[3] Magistrate Pride denied the defendant's motion for a mistrial.

The defendant was subsequently sentenced to 30 days in the Marion County Jail.

The defendant appealed to the circuit court. The defendant's appeal was denied and the sentence was ordered to be executed. The matter was then appealed to this Court.

## II.

### Discussion

On appeal, Shabazz asks us to reverse the decision of the circuit court, and to grant him a new trial. We have previously held that "[w]here the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

■ There can be no doubt that an *ex parte* communication with a deliberating jury by a magistrate is improper. *Shields v. United States*, 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787 (1927). *See also Remmer v. United States*, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954) (private communication by a judge with a jury is presumptively prejudicial); *United States v. Glick*, 463 F.2d 491, 493 (2d Cir.1970) (communication between judge and jury unequivocally violated the defendant's rights).

■ We have stated:

The defendant has a right under Article III, Section 14 of the *West Virginia Constitution* to be present at all critical stages in the criminal proceeding; and when he is not, the State is required to prove beyond a reasonable doubt that what transpired in his absence was harmless.

Syllabus Point 6, *State v. Boyd*, 160 W.Va. 234, 233 S.E.2d 710 (1977).[4]

■ The right to be present is not a right to be present at every moment, but a right to be present at all "critical stages" in a criminal proceeding. We have not held that communication by a judge or other court officer with a jury is always a critical stage for the purpose of requiring the defendant's presence.

But while we have not held communication with a jury is always a critical stage, we have repeatedly expressed concern with the practice of judges or court officers communicating with a jury.

In *State v. Allen*, 193 W.Va. 172, 455 S.E.2d 541 (1994), the circuit court judge responded to written notes from the jury without the knowledge of the defendant or his counsel. We held this was improper and stated that "[t]he proper method of responding to a written jury inquiry during the deliberations period in a criminal case ... is for the judge to reconvene the jury and to give further instructions, if necessary, in the presence of the defendant and counsel in the courtroom." Syllabus Point 3, *Allen, supra.* Relying on a civil case, we stated that "[a]s a general rule, all communications between the trial judge and the jury, after the submission

---

3. The defendant, in his brief, contends that the communication between Magistrate Pride and the jury was more involved. Defendant's brief stated:

> Magistrate Pride asked the jury if they were close to reaching a decision and they told her they were not "anywhere near" reaching a decision. The Magistrate then informed the jury that if they could not reach a decision in another thirty minutes, then the jury would either have to declare a hung jury or they would have to return the following morning to continue their deliberations.

The defendant does not indicate in his brief where he obtained this summary of the exchange.

4. Article III, Section 14 of the *West Virginia Constitution* provides:

> Trials of crimes, and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men, public, without unreasonable delay, and in the county where the alleged offence was committed, unless upon petition of the accused, and for good case shown, it is removed to some other county. In all such trials, the accused shall be fully and plainly informed of the character and cause of the accusation, and be confronted with the witness against him, and shall have the assistance of counsel, and a reasonable time to prepare for his defence; and there shall be awarded to him compulsory process for obtaining witnesses in his favor.

of the case, must take place in open court and in the presence of, or after notice to, the parties or their counsel." Syllabus Point 1, *Klesser v. Stone,* 157 W.Va. 332, 201 S.E.2d 269 (1973).

A similar situation occurred in *State v. Smith,* 156 W.Va. 385, 390, 193 S.E.2d 550, 554 (1972), where we said "[t]he passing of writings or notes between the court and jury is not proper." In *State v. Barker,* 176 W.Va. 553, 556, 346 S.E.2d 344, 347 (1986) (*per curiam*), we held that "the conduct of the trial judge in communicating with the jury, in the absence of the appellant and his counsel, was improper." Similarly, in *State v. Hicks,* 198 W.Va. 656, 663, 482 S.E.2d 641, 648 (1996) (*per curiam*) we stated that the circuit court judge erred when she "sent the court clerk to speak with the jurors, in the absence of the defendant, of the attorneys, and the judge herself."

By communicating directly with a jury without the presence of the defendant or the defendant's counsel, a magistrate may give the appearance of impropriety. "A judge shall respect and comply with the law, shall avoid impropriety and the appearance of impropriety in all of the judge's activities, and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Canon 2 of the *Code of Judicial Conduct* [1993]. That such *ex parte* communication gives rise to the appearance of impropriety was articulated in *U.S. v. Burns,* 683 F.2d 1056 (7th Cir.1982) (*per curiam*), *cert. denied,* 459 U.S. 1173, 103 S.Ct. 821, 74 L.Ed.2d 1018, wherein the court stated:

> Two important interests are undermined by private discourse between judge and jury during deliberations. First, it gives rise to "Star Chamber" implications which detract from the appearance of justice. Second, it absolutely precludes the parties from making a record as to the context in which the judge's remarks were made, thereby thwarting appellate review; the parties and this court must remain forever

in the dark as to the judge's tone of voice and physical demeanor while he was in the jury room. An additional concern implicated ... is the risk that the judge will be drawn into an extended discourse with the jury, thereby disturbing the delicate balance of the legal principles set forth in the original instructions.

683 F.2d at 1058–1059.

■ Because communication with a jury during deliberations without the presence of the defendant or defendant's counsel gives rise to such perils as set forth in *Burns,* we hold that absent extraordinary circumstances, a magistrate may not communicate with a jury after the jury has begun its deliberations, except in open court, in the presence of or with the consent of the parties or the consent of their counsel.[5]

Having articulated this rule, we recognize that the rule cannot be applied with unreasonable inflexibility. It is obvious that innocent and incidental contact and communications that do not meet the requirements of this rule might occur between magistrates and jurors during the course of a trial. While it is expected that magistrates hereafter avoid such communications, in the instant case we look to determine if the communication was in any way prejudicial to the defendant.

It is uncontroverted that Magistrate Pride entered the jury room during deliberations and inquired about the jury's progress. While there is a dispute about exactly what Magistrate Pride said to the jury, both sides agree that she informed the jury that it could continue its deliberations, or return the following day.

The defendant contends that the statements by Magistrate Pride may have caused the members of the jury to believe they had to quickly come to a decision, or be forced to "give up another day of work and return to deliberate."

---

5. The principle enunciated herein would be equally applicable in civil cases. *See* Syllabus Point 1, *Klesser v. Stone,* 157 W.Va. 332, 201 S.E.2d 269 (1973). Although even incidental contact and communication between a magis-

trate and a deliberating juror should be avoided, it is not error if the same is solely related to administrative matters such as meals, transportation, or if a juror contacts the magistrate concerning a family emergency.

 Magistrate Pride's message might be considered similar to an *"Allen* charge." An *Allen* charge is a "supplemental instruction given to encourage deadlocked juries to reach an agreement." F. Cleckley, 2 *Handbook on West Virginia Criminal Procedure,* at 257 (1993). Dealing with an *Allen*-type charge, we have stated that

> [w]here a jury has reported that it is unable to agree and the trial court addresses the jury urging a verdict, but does not use language the effect of which would be to cause the minority to yield its views for the purpose of reaching a verdict, the trial court's remarks will not constitute reversible error.

Syllabus Point 2, *State v. Johnson,* 168 W.Va. 45, 282 S.E.2d 609 (1981).

■ Taking the defendant's summary of what transpired in the jury room as true, we do not find that the statements made by the magistrate would tend to cause any juror advocating a "not guilty" verdict to abandon his or her beliefs and vote guilty. According to the defendant, Magistrate Pride simply stated that the jury could continue its deliberations or return the following day. We believe these statements were administrative in nature—the statements relating to the jury's schedule. Consequently, we find that the State has met its burden, under *Boyd, supra,* of proving beyond a reasonable doubt that what transpired in the defendant's absence was harmless.

### III.

*Conclusion*

While we establish the principal that a magistrate, absent extraordinary circumstances, may not communicate with a deliberating jury except in open court, in the presence of or with the consent of the parties, for the reasons set forth above, we affirm the circuit court's order of February 26, 1999, denying the defendant's appeal.

Affirmed.

Judge ROBERT B. STONE, sitting by special assignment.

Justice SCOTT did not participate in the decision of the Court.