# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Walter Lee Swafford II,**
**Petitioner Below, Petitioner**

**FILED**

May 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0650** (Fayette County 02-C-293)

**David Ballard, Warden**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Walter Lee Swafford, by counsel Thomas A. Rist, appeals the June 4, 2014, order of the Circuit Court of Kanawha County, which denied petitioner's Second Amended Petition for Writ of Habeas Corpus. Respondent, David Ballard, Warden, by counsel Derek A. Knopp, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in September of 1997 for the offenses of first degree murder, attempted aggravated robbery, and conspiracy to commit a felony. Trial commenced in January 1998, but a mistrial was declared after it was discovered that one of the jurors was related to petitioner. A second trial began on January 20, 1998. Petitioner was convicted of first degree murder without a recommendation of mercy and conspiracy to commit a felony. Those convictions were overturned by this Court in *State v. Swafford*, 206 W.Va. 390, 524 S.E.2d 906 (1999). At the pre-trial hearing before the third trial, two of petitioner's co-defendants, Margaret Telouzi and Tara Williams, who were witnesses for the State, informed the court that they would not testify a trial. The trial court deemed the witnesses unavailable and allowed the State to read the witnesses' testimony from one of the prior trials[1] into the record. On April 25, 2001, petitioner's third trial resulted in petitioner being convicted of first degree murder and conspiracy to commit the offense of attempted aggravated robbery. Petitioner was sentenced to life with mercy for the murder conviction and one to five years for the conspiracy conviction.

On September 22, 2002, petitioner filed a habeas corpus petition in the Circuit Court of Fayette County and received court appointed counsel on December 4, 2002. However, nothing was filed on petitioner's behalf and the circuit court dismissed the action on March 5, 2005. Petitioner filed a Motion for Reconsideration and received appointment of new counsel.

---

[1] Our review of the trial transcripts provided in the appendix does not reveal if the testimony read into the record was from the first or second trial of petitioner.

Petitioner's new counsel subsequently withdrew, and petitioner was appointed a new attorney. After recusal by both Fayette County Circuit Court Judges, The Honorable Judge Louis H. Bloom was assigned to preside over the case by this Court. On December 28, 2013, petitioner completed a *Losh*[2] checklist, and requested leave of the circuit court to file a second habeas petition. Petitioner's third counsel filed petitioner's Second Amended Petition for Writ of Habeas Corpus on January 6, 2014. A hearing was held on petitioner's habeas petition on March 28, 2014. Petitioner appeals the June 4, 2014, order denying his claims for habeas relief.

Petitioner asserts five assignments of error. Petitioner alleges that his constitutional rights under the Confrontation Clause of the United States Constitution were violated when two of his co-defendants were declared unavailable and their prior testimony was read into evidence; that his constitutional rights under the Fifth Amendment of the United States Constitution were violated when the prosecuting attorney made statements that petitioner asserts alluded to petitioner's decision not to testify at trial; that the trial court erred by not granting his Motion for Judgment of Acquittal[3]; that petitioner was not present during a critical stage of trial; and that petitioner suffered from ineffective assistance of counsel.

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

First, petitioner asserts that a violation of the Confrontation Clause of the Sixth Amendment of the United States Constitution occurred at trial, in that his co-defendants were declared unavailable and their prior testimony was read into evidence. It is well established that out of court statements by witnesses that are testimonial are barred under the Confrontation Clause, unless witnesses are unavailable and defendants had prior opportunity to cross-examine witnesses, regardless of whether such statements are deemed reliable by the court. *See Crawford v. Washington*, 541 U.S. 36 (2004); Syl. Pt. 6, *State v. Mechling*, 219 W.Va. 366, 633 S.E.2d 311 (2006). Petitioner, citing *State ex rel. Humphries v. McBride*, 220 W.Va. 362, 647 S.E.2d 798 (2007), asserts that the State must first have shown that the witnesses were truly unavailable to testify. Petitioner concedes that the witnesses testified at a previous trial and were subject to cross-examination. Petitioner argues that after a very brief colloquy, the witnesses were excused from testifying.

---

[2] *See Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

[3] Petitioner's third assignment of error alleges insufficient evidence to sustain petitioner's conviction. We previously held, "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syl. Pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979). *See also State ex rel. Edgell v. Painter*, 206 W.Va. 168, 522 S.E.2d 636 (1999) (finding that denial of motion for acquittal is not a proper ground to assert in a habeas proceeding).

The State responds that prior to the trial, the State properly moved for the instant witnesses to be declared unavailable pursuant to West Virginia Rule of Evidence Rule 804, after making a good faith effort to produce the witnesses at trial. At a hearing regarding the motion, both of the co-defendants/witnesses were ordered by the trial court to testify, and responded that they did not wish to do so. The trial court informed Williams that "any repercussions for that refusal to testify are certainly of your own doing." We agree with the State and find that the circuit court did not err in finding no Confrontation Clause violation.

According to West Virginia Rules of Evidence 804(a)(2), a declarant is considered to be unavailable as a witness if the declarant "refuses to testify about the subject matter despite a court order to do so." Further, petitioner was not deprived of the right to cross-examine the witnesses. Petitioner was present at the previous trial where both witnesses testified; and at that trial petitioner's counsel was afforded ample opportunity to cross-examine the witnesses. This testimony, which was read into evidence in petitioner's final criminal trial, was properly admitted, considering the witnesses' refusal to testify. Further, pursuant to Rule 804(b)(1)(A), former testimony is not excluded by the rule against hearsay if a declarant is unavailable[4]. Accordingly, petitioner's right to confront his accusers under the Confrontation Clause of the United States Constitution was not violated, and the circuit court did not err by allowing the prior trial testimony of the unavailable witnesses to be read into the record at petitioner's trial.

Petitioner next asserts that the prosecuting attorney made two statements that violated petitioner's Fifth Amendment rights by improperly commenting on the fact that petitioner did not testify. In the first instance, during rebuttal closing argument, petitioner asserts that the prosecuting attorney stated, "[n]ow, as attorneys, we like to have witnesses testify from the stand.[5]" In the second instance, petitioner asserts that the prosecuting attorney "stealthily

---

[4] West Virginia Rules of Evidence 804(b)(1)(A) defines former testimony as,

(t)estimony that:

(A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and

(B) is now offered against a party who had - or, in a civil case, whose predecessor in interest had - an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

[5] The complete statement of the prosecuting attorney, in context, is as follows:

Now, as attorneys, we like to have witnesses testify from the stand, like Heather Johnson and other witnesses in this case. And the Court instructed you at the time that you heard the testimony that you're to consider that the same as if those women took the stand personally in this courtroom. You're to consider it just like all the other testimony.

emphasized" petitioner's failure to testify[6]. Arguing that "[i]t is prejudicial error in a criminal case for the prosecutor to make statements in the final argument amounting to a comment on the failure of the defendant to testify." Syl. Pt. 4, *State v. Bennett*, 172 W.Va. 131, 304 S.E.2d 35 (1983); petitioner asserts that both statements improperly commented upon his decision not to testify, in violation of his Fifth Amendment rights under the United States Constitution.

Under the Fifth Amendment of the United States Constitution, no person in any criminal case shall be compelled to be a witness against himself, and an accused's decision to refrain from testifying creates no presumption against him and shall not be the subject of any comment before the court or jury. U.S. Const. amend. V. "The general rule formulated for ascertaining whether a prosecutor's comment is an impermissible reference, direct or oblique, to the silence of the accused is whether the language used was manifestly intended to be, or was of such character that the jury would naturally and necessarily take it to be a reminder that the defendant did not testify." *State v. Clark*, 170 W.Va. 224, 227, 292 S.E.2d 643, 646-47 (1982) (citations omitted).

The circuit court found that petitioner's Fifth Amendment rights under the United States Constitution and West Virginia Constitution were not violated by the prosecutor's statement, "we like to have witnesses testify from the stand." We agree. A review of the context in which the statement was made reveals that the prosecuting attorney was not referring to petitioner, but to the witnesses who did not testify at trial because they were deemed unavailable.

---

[6] The argument in question by the prosecuting attorney is as follows:

Let's look at – in deciding the issue of mercy, let's look at the reason for this killing. Let's look at the reason the gun was taken.

Was this a killing that was done for Mr. Swafford to feed his family, for some crisis that he had? Was it a killing that the reason for the killing was that they went in there and Joe Hundley grabbed a knife or gun and was coming at them and they had to shoot him other than maybe lose their life? That wasn't the circumstances, was it?

The reason for this killing was greed. It appears, greed. But it could also be, based on the evidence, sort of a macho thing with these two boys, Wally Swafford and Mark Yoney. They wanted to show these girls just how tough they were. "We'll go to protect you and if you don't get the money by trick, we'll beat it out of him. We'll beat him with a cinderblock and our fists and anything else."

What about remorse? Mr. Skeens touched on that a little bit, the anger that they had. And they weren't angry because they – they weren't sorry that they'd killed a man or hurt a man. They don't know whether he was dead or alive. They hoped he was dead. "If he's not dead, we'll have to go back and kill him." Does that show remorse?

4

Likewise, the circuit court found that petitioner's Fifth Amendment rights were not violated by the prosecutor's second statement. Petitioner argues that this remark by the prosecuting attorney was similar to remarks made in *State v. Starcher*, 168 W.Va. 144, 145, 282 S.E.2d 877, 878 (1981), wherein a prosecutor recounted witness testimony during closing argument and then stated: "but what was in the mind of this man [the defendant] at the time the transfer was made? Only he [the defendant] knows." In *Starcher*, this Court held, that "[b]y directing attention to what was in the appellant's mind, the prosecutor stealthily emphasized that he had not testified and had not revealed his thoughts." 168 W.Va. at 146, 282 S.E.2d at 878.

In this matter, the circuit court held that the comments of the prosecuting attorney in his closing argument did not allude to the fact that petitioner did not testify, nor did the comments ask the jury to inquire into the mind of the petitioner. As the comments referred to a collective "they", the circuit court held that the comments suppose what may have motivated the actions of petitioner and his co-defendant. The circuit court held further that the comments were properly argued to discourage the jury from granting mercy for petitioner, recounting facts delineated during the trial which the prosecuting attorney argued demonstrated that petitioner did not show any remorse for his actions[7].

We agree with the circuit court, and find that the facts in this case are not similar to the facts in *Starcher*. A review of the statements in question reveals that the prosecuting attorney properly argued potential motive for the murder, and nothing in the prosecuting attorney's comments appears to serve as a reminder, implicit or otherwise, that petitioner did not testify in his own defense. Accordingly, we find this assignment of error to be without merit.

Next, petitioner argues that he was not present during a critical stage in the trial, in violation of Article III, Section 14 of the West Virginia Constitution and West Virginia Code § 62-3-2. Petitioner asserts that he was not present when the State and his trial counsel determined which portions of the prior trial transcripts were to be read into the record. We previously held that a criminal defendant "has a right under [a]rticle III, [s]ection 14 of the West Virginia Constitution to be present at all critical stages in the criminal proceeding; and when he is not, the State is required to prove beyond a reasonable doubt that what transpired in his absence was harmless." Syl. Pt. 6, in part, *State v. Boyd*, 160 W.Va. 234, 233 S.E.2d 710 (1977).

In response, the State argues that "[t]he right to be present is not a right to be present at every moment, but a right to be present at all 'critical stages' in a criminal proceeding." *State v. Shabazz*, 206 W.Va. 555, 557, 526 S.E.2d 521, 523 (1999). The State asserts that the discussion which took place between petitioner's trial counsel and the prosecuting attorney did not take place during trial, and was not a "critical stage" in the proceeding which required petitioner's presence. The circuit court found that the purpose of this discussion, which took place outside of the trial, was for the attorneys to discuss how to excise certain portions of the transcript testimony deemed inadmissible by way of sustained objections; and held that the discussion was not a critical stage in the proceeding. We agree with the circuit court.

---

[7] These facts include testimony that petitioner and his co-defendants did not call 911 and drove away to a friend's house where they laughed about Mr. Hundley's death and played card games.

"A critical stage of a criminal proceeding is where the defendant's right to a fair trial will be affected." Syl. Pt. 2, *State v. Tiller*, 168 W.Va. 522, 285 S.E.2d 371 (1981). Rule 43(c)(3) of the West Virginia Rules of Criminal Procedure provides that a defendant need not be present "[a]t a conference or argument upon a technical question of law not depending upon facts within the personal knowledge of the defendant." It is clear that this discussion between petitioner's counsel and the prosecuting attorney, which took place outside of the presence of the judge, jury, and defendant, primarily concerned the technical question of omitting inadmissible portions of the prior transcripts. Thus, this was not a critical stage in the proceeding and the circuit court did not err in denying petitioner's assignment of error.

Finally, petitioner asserts that his trial counsel provided ineffective assistance of counsel, and gives the following six reasons for his claim: (1) trial counsel told petitioner he "had better things to do than represent you again"; (2) trial counsel refused to subpoena witnesses declared to be unavailable at trial; (3) trial counsel failed to object to the co-defendant's refusal to testify; (4) trial counsel was having severe health issues during trial; (5) trial counsel failed to object to the State's showing photos to witnesses off the record; and (6) trial counsel refused to interview witnesses petitioner identified at the time of trial.

Petitioner cites the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), but fails to develop any argument in support of his claim. Petitioner simply lists each "reason" without discussion or analysis of the applicable text. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, requires that petitioner's brief contain an argument exhibiting clearly the points of fact and law presented. This Court previously found "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman,* 227 W.Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991)). For that reason, we decline to address petitioner's final assignment of error, as petitioner did not set forth sufficient argument to preserve a claim.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Allen H. Loughry II

**DISSENTED IN BY:**
Justice Brent D. Benjamin
Justice Menis E. Ketchum